**In re the MARRIAGE OF Billy D. CUMMINGS, Petitioner-Respondent,**

**and**

**Katherine Cummings Olsen, Appellant.**

No. 11857.

Missouri Court of Appeals,
Southern District,
Division One.

June 19, 1981.

Motion for Rehearing or Transfer
Denied July 10, 1981.

Donald R. Duncan, Michael J. Patton, Turner, Reid, Duncan & Loomer, Springfield, for petitioner-respondent.

Loren R. Honecker, Sherwood, Honecker & Bender, Springfield, for appellant.

PER CURIAM:

In 1974 the parties hereto were divorced by decree entered in the Circuit Court of Taney County. As the natural parents of two minor female children born of the now-dissolved marriage, the parties in early 1979, via the father's petition and the mother's counterclaim, sought the third modification of the child custody provisions contained in the original decree. Following trial by court, an elaborate and lengthy modification decree was rendered May 24, 1980. In substance, the decree continued principal custody of the children in the father, awarded the mother custody of the children during certain school holiday and vacation periods and painstakingly enumerated the rights and obligations of each par-

ent in communicating or dealing with the children and each other. The mother appealed.

That this cause entails the third undertaking of the divorced parties in five years to alter one another's rights to the custody of and access to their minor daughters, attests to the animosity which exists between the parents and which has been augmented and nurtured by remarriages to others whose conduct and attitudes have served to further ferment enmity. In briefs par excellence, astute counsel for both parties candidly acknowledge these reasons for the fester. The learned trial chancellor bespoke of the parties' hostility as the basic cause of the agitation and eruditely lectured upon the adverse effect the selfishness of the adult parents and their new mates undoubtedly had upon the children. But not limiting the totality of all troubles upon the foibles and pettiness of the parents and present spouses, the knowing trial judge acknowledged that some difficulties were undoubtedly bred of the particular propensities of collaborating female children to pit one parent against the other to gain favors and advantages which otherwise would go unbestowed. Albeit the frailties of the involved humans, both adult and minor, served as the main course for their tribulations, the unpalatable fare was enhanced by the residence of the father being in Missouri while that of the mother was situate in California.

Short of cleaving the two children into halves and dividing them between the parents as once suggested by Solomon, we find the court nisi's judgment herein, reviewable under Rule 73.01, V.A.M.R., is supported by substantial evidence and is not against the weight of the evidence. No error of law appears and an opinion in the usual form would have no precedential value. Therefore, the judgment of the Circuit Court of Taney County in this matter is affirmed in compliance with Rule 84.16(b), V.A.M.R.

All concur.