**Angela Harris CAYWOOD, Appellant,**

v.

**David Henry HARRIS, Respondent.**

**No. 12763.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 25, 1983.

Robert R. Parrish, David Robards, Joplin, for appellant.

John R. Sims, Ruyle, Sims & Lampo, Neosho, for respondent.

TITUS, Judge.

The marriage of David and Angela was dissolved by the Circuit Court of Newton County on August 18, 1980, and the custody of the two children born of the marriage, a boy age 8 and a girl age 5, was awarded to Angela subject to David's right to reasonable visitation. Since the dissolution David has married Eva, and Angela has married Mike Caywood. In April 1981 David filed a motion to modify the dissolution decree seeking the actual care and custody of the children. Angela answered and counterclaimed, inter alia, for continued principal custody of the children. After hearing the evidence proffered by the parties the court on April 26, 1982, among other things, modified the original decree by giving David custody of the two children and Angela rights of specific visitation. Angela appealed and her sole point relied on concerns the propriety vel non of transferring principal custody of the children to David.

At the time the motion to modify was heard and decided, the boy was 10 and the girl was seven and both attended school Monday through Friday from some undisclosed morning hour until 3:15 p.m. Angela and her husband, Mike, were working Monday through Friday from 3:30 p.m. until midnight. On work and school days, Angela roused the children at 6:30 a.m., fed them breakfast and at 7:30 a.m. her mother would take them to school en route to work. When the children got out of school they went to the home of a babysitter where they remained about two hours before being picked up by Angela's mother and taken to her home. When Angela got off work she got the children from her mother's house near 12:25 a.m. and took them to her trailer home where they shared a single bedroom. On the other side of the coin, David and Eva have a three bedroom home which affords the children separate bedrooms when living at that residence. Eva is employed at the Cerebral Palsy Center in Neosho from 9 a.m. to 3 p.m. so would be present at home to see the children off to school and return. David's normal working hours are 7 a.m. to 4 p.m. so that he could be with the children at home for at least five hours daily before they retire at 9 p.m.

The brief recitation of the circumstances of the involved parties, supra, and our re-

view of the matter under Rule 73.01, V.A.M.R., show the judgment nisi is supported by substantial evidence and is not against the weight of the evidence. No error of law appears and a protracted opinion in the normal form would have no precedential value. Consequently, the judgment in this cause is affirmed in compliance with Rule 84.16(b), V.A.M.R. *Snelling v. Snelling,* 627 S.W.2d 900 (Mo.App.1982); *In re the Marriage of Cummings,* 619 S.W.2d 358 (Mo. App.1981).

FLANIGAN, P.J., GREENE, C.J., and CROW, J., concur.